[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this summary process action, the plaintiff lessor, Village Park, Inc., seeks possession of premises located at 35 Main Street, Lot #A-2 in the Town of South Windsor, Connecticut and leased to the defendant lessee, Sharon Kittredge. The action is based on non payment of rent under an oral lease. The defendant CT Page 940 appeared pro se and raised special defenses which appear to be claims of an equitable nature and claims of discrimination and uninhabitability.
Based on following pertinent facts which were either admitted or proven at trial, the court concludes that this action must be dismissed because of lack of subject matter jurisdiction: On September 29, 1999, the defendant was served a notice to quit possession of premises at 35 Main Street — Lot #A-2 on or before October 9, 1999. At the time of trial, the defendant was still in possession.
The plaintiff leases Lot #A-2 to the defendant. Lot #A-2 is a mobile manufactured home lot located in a mobile manufactured home park as those terms are defined in General Statutes § 64-(2) and (3), respectively. "Mobile manufactured home park" or "park" means a plot of ground upon which two or more mobile manufactured homes, occupied for residential purposes are located and "[m]obile manufactured home space or lot" means a plot of ground within a mobile manufactured home park designed for the accommodation of one mobile manufactured home. The defendant is a resident as defined in General Statutes § 21-64 (5). "Resident" means a person who owns, or rents and occupies, a mobile manufactured home in a mobile manufactured home park." The plaintiff is an owner as defined in General Statutes § Sec. 21-64
(7). "Owner" means a licensee or permittee or any person who owns, operates or maintains a mobile manufactured home park.
Termination of the defendant's tenancy in the plaintiff's mobile manufactured home park is governed by General Statutes §21-80. Lampasona v. Jacobs, 209 Conn. 724 (1989).
 Notwithstanding the provisions of section 47a-23, termination of any tenancy in a mobile manufactured home park shall be effective only if made in the following manner: . . . (B) By the owner giving the resident at least sixty days' written notice, which shall state the reason or reasons for such termination, except that, when termination is based upon [non payment]. . . . the owner need give the resident only thirty days' written notice, which notice shall state the total arrearage due provided, the owner shall not maintain or proceed with a summary process action against a resident who tenders the total arrearage due to the owner within such thirty days and who has not so tendered an arrearage under this subparagraph during the preceding twelve months. (Emphasis supplied). General CT Page 941 Statutes § 21-80 (b)(3)(B).
Plaintiff did not give the defendant thirty days' written notice or a notice which states the total arrearage due. The notice to quit given by the plaintiff in this case did not comport with the statutory requirements of General Statutes §21-80. The defective notice deprives the court of subject matter jurisdiction. Lampasona v. Jacobs, supra.
Accordingly, the action is dismissed.
Tanzer, J.